UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                    :    Chapter 15
                                                          :
                                                          :    Case No. 21-_____ (___)
BANCO PRIVADO PORTUGUÊS                                   :
(Cayman) LTD (in Official Liquidation),                   :
                                                          :
           Debtor in a                                    :
           Foreign Proceeding.                            :
                                                          :
-------------------------------------------------------------x

## DECLARATION OF SIMON CONWAY IN SUPPORT OF CHAPTER 15 PETITION OF BANCO PRIVADO PORTUGUÊS (CAYMAN) LTD (in Official Liquidation), FOR RECOGNITION OF FOREIGN INSOLVENCY PROCEEDING

I, Simon Conway, declare as follows:

1. I am one of the duly appointed joint official liquidators ("**Liquidator**") of BANCO PRIVADO PORTUGUÊS (Cayman) LTD (in Official Liquidation), ("**Banco Privado**" or the "**Foreign Debtor**"), a company undergoing liquidation before the Grand Court of the Cayman Islands, Financial Services Division (the "**Cayman Court**"), cause No. FSD 166 of 2010 (the "**Cayman Liquidation**"), pursuant to Section 18(4)(d) of the Banks and Trust Companies Law (2009 Revisions) and pursuant to Order 3, Rule 14(1) of the Companies Winding Up Rules 2008 (as amended) (the "**CWR**").

2. I respectfully submit this declaration ("**Declaration**") in support of the Liquidators' Verified Petition seeking recognition of the Cayman Liquidation and certain additional and provisional relief pursuant to the United States Bankruptcy Code (the "**Bankruptcy Code**"), as described in detail below.

3. I am a Fellow of the Institute of Chartered Accountants of England and Wales and a UK licensed Insolvency Practitioner, with 18 years insolvency experience. I currently lead

PricewaterouseCoopers' Cayman Islands and Caribbean offshore advisory teams in Bermuda, the Cayman Islands and BVI. I have experience as appointee on a wide range of insolvency and controllership appointments dealing with complex cross border restructurings, insolvencies and investigations, principally relating to corporate lending structures, banking and hedge funds.

4. I am duly authorized to make this Declaration as one of the joint liquidators of **Banco Privado**. I am familiar with the facts of this matter and have fully participated in and supervised the Cayman Liquidation, with my Cayman-located staff. Unless otherwise indicated, all statements contained herein are true to the best of my knowledge and based upon my personal knowledge or my review of my relevant documents.

5. Pursuant to the CWR, as court-appointed liquidator I am authorized to bring this proceeding. As such, I make this Declaration, and request an extension of comity for the benefit of all of the creditors and investors of **Banco Privado**, whose interests I represent. I also possess the statutory authority as the Liquidator to petition the courts of the United States for recognition of the Cayman Liquidation.

### The Liquidation Order and My Appointment

6. On July 2, 2010, the Cayman Islands Monetary Authority, made an application to the Cayman Court for an order that Banco Privado be wound up and for the appointment of joint official liquidators.

7. After a hearing, the Cayman Court, by order dated July 9, 2010 directed that **Banco Privado** be wound up by the Cayman Court in accordance with the provisions of the Companies Law (2009 Revisions), and Messrs. David A.K Walker and Ian D. Stokes of PWC Corporate Finance and Recovery (Cayman) Ltd. were appointed as Joint Official Liquidators of **Banco Privado** (the "**Liquidation Order**"). A true and correct copy of the Liquidation Order is attached hereto as Exhibit 1.

8. Pursuant to an Order of the Cayman Court dated November 20, 2014 I, Simon Conway, was appointed as a Joint Official Liquidator of **Banco Privado** with powers to act jointly and severally with the Joint Official Liquidators in accordance with the Cayman Court Order dated July 9, 2010 (Exhibit 2).

9. The Cayman Islands is the center of main interest ("**COMI**") for Banco Privado as I understand it to be defined and interpreted under the Bankruptcy Code. Banco Privado is formed under the laws of the Cayman Islands and maintains its registered office there. Its shares, some of its books and records, and intangible assets are also located in the Cayman Islands. As a Liquidator of **Banco Privado**, I and my staff perform our duties in and from the Cayman Islands.

10. For the reasons discussed below, I submit that: (i) I am a duly appointed "foreign representative" of the Cayman Liquidation and that the Cayman Liquidation constitutes a "foreign proceeding" within the meaning of sections 101(24) and (23) of the Bankruptcy Code, respectively; (ii) the case was properly commenced in accordance with the requirements of Chapter 15 of the Bankruptcy Code; and (iii) the Cayman Liquidation satisfies all of the requirements to be recognized as a "foreign main proceeding" pursuant to Sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

**Foreign Enforcement Proceedings**

11. Currently Banco Privado is plaintiff in the following enforcement proceedings before the Portuguese Court:

- Enforcement proceedings filed against Artur Guimarães Sampaio and Emilia Ferreira da Costa Guimarães Sampaio (case n.º 1628/19.0T8LOU, Tribunal Judicial da Comarca do Porto Este – Juízo de Execução de Lousada – Juiz 2);

- Enforcement proceedings filed against José Maria Guimarães Sampaio (case n.º 2616/19.2T8LOU, Tribunal Judicial da Comarca do Porto Este – Juízo de Execução de Lousada – Juiz 2);

- Enforcement proceedings filed against António Martinho Barbosa Gomes Coutinho (case n.º 1881/19.0T8LOU, Tribunal Judicial da Comarca do Porto Este – Juízo de Execução de Lousada – Juiz 2);

- Enforcement proceedings filed against Copper Investments (case n.º 8392/19.1T8LSB Tribunal Judicial da Comarca de Lisboa – Juízo de Execução de Lisboa – Juiz 9);

- Enforcement proceedings filed against Tapastt Corporation Limited (case n.º 13226/19.4T8LSB, Tribunal Judicial da Comarca de Lisboa – Juízo de Execução de Lisboa – Juiz 8);

- Declaratory proceedings filed against Carlos Alirio Pinto Martins da Fonseca (case n.º 21405/20.5 T8LSB, Tribunal Judicial da Comarca de Lisboa – Juízo Central Cível – Juiz 14);

**Basis for Recognition in the United States**

12.    Banco Privado maintains a deposit trust account in the amount of $25,000 in New York, New York.

13.    Additionally, my investigation thus far has revealed significant and concerning indicia of fraud that leads me to believe that Banco Privado has causes of action that may be pursued in the United States. In particular, and as detailed herein, (i) near the end of 2008 **Banco Privado** made loans totaling approximately €16,634,618 to two entities, Chloe Inc. ("CHLOE"), and Begonias Investments Inc. ("Begonias"), both formed under the laws of the State of

Delaware (collectively the "Delaware Entities"). These funds were never repaid to Banco Privado. Instead, these funds were used to purchase condominium properties in Sao Paulo - Brazil; (ii) these properties were eventually sold and I understand that the proceeds were deposited in accounts for these Delaware entities at Banif Brasil. From Banif Brasil, I understand that the proceeds were then transferred to accounts with a different bank; and (iii) the loans to the Delaware Entities were never repaid and proceeds of the sale leaving a debt owed to **Banco Privado.**

14.    A significant goal of this proceeding is to obtain discovery as to the nature of these transactions, which is critical to the efforts of me and my staff to collect and administer Banco Privado's assets, to investigate and to assess potential claims, and to obtain a recovery for all of Banco Privado's creditors. Such information and the underlying claims are located in the United States.

15.    Accordingly, I respectfully request, pursuant to 11 U.S.C. § 1521(a)(4) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, that the Court authorize and permit the commencement of discovery in the United States by Banco Privado and authorize the commencement of actions against third parties to potentially hinder or stop any ongoing fraud.

16.    I expect that Banco Privado's most valuable, as yet unrecovered, assets may prove to be claims that I will manage from the Cayman Islands. Any recovery from these claims will first be used to meet the costs incurred by the JOLs and their staff in the Cayman Islands, and thereafter distruibuted to creditors who have submitted to proof in the Cayman Islands' liquidation. The JOLs also hold substantial cash in a Cayman Islands bank account, which is the principal tangible asset of the liquidation. Hence, the situs of Banco Privado's tangible and its intangible property - the majority of its ongoing business - is in the Cayman Islands.

17. In sum, I am engaging and will engage in substantial post-liquidation activity from offices in the Cayman Islands including: (i) displacing and assuming the duties of the board of directors and voting necessary company shares; (ii) assessing the merits of Banco Privado's and its creditors' potential claims, and gathering information on Banco Privado's past operations; (iii) investigating Banco Privado's business; (iv) establishing bank accounts; and (v) engaging in discussions with creditors

### RELIEF REQUESTED

By the petition, as the Liquidator, I seek the following relief:

a. The recognition of the Cayman Liquidation as a foreign main proceeding, or in the alternative, a foreign non-main proceeding, pursuant to chapter 15 of the Bankruptcy Code, and recognition of my role as the Liquidator as Banco Privado's foreign representative under sections 1509 and 1517 of the Bankruptcy Code; and

b. Relief pursuant to sections 1507, 1520 and 1521(a) of the Bankruptcy Code, including but not limited to the right to conduct examinations of relevant witnesses and entities pursuant to 11 U.S.C. 1521(a)(4) and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated:   Cayman Islands
         30 March 2021]

SIMON CONWAY
*Joint Official Liquidator of Banco Privado Portugues (Cayman) Ltd (in Official Liquidation)*